UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY HALL,<br>    *Plaintiff*, | )   3:25-CV-01058 (SVN)<br>)<br>) |
| v. | )<br>) |
| DISTRICT ADMINISTRATOR<br>WASHINGTON et al,<br>    *Defendants*. | )<br>)   November 12, 2025<br>) |

## INITIAL REVIEW ORDER

*Pro se* incarcerated Plaintiff Jeffrey Hall filed this civil rights action under 42 U.S.C. § 1983 while incarcerated at Carl Robinson Correctional Institution ("Robinson C.I."). Plaintiff names as defendants Connecticut Department of Correction ("DOC") District Administrator Washington and three DOC employees who work at Robinson C.I.: Acting Warden Carbone, Counselor Supervisor Such, and Counselor Conge. Compl., ECF No. 1. Plaintiff alleges that he was transferred out of his privileged dorm housing for refusal to sign a contract related to employment as a "Tierman" before his lawyer could review it. He does not specify whether he sues Defendants in their official or individual capacities, nor does he provide the specific constitutional grounds for his § 1983 claim. Instead, he refers the Court to the relief he requested in another action filed in this District under docket number 3:24-mc-0019 (VDO). ECF No. 1 at 5.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the Complaint and conducted an initial review pursuant to 28 U.S.C. § 1915A.[1] Based on this initial review, the Court orders as follows.

I.   FACTUAL BACKGROUND

The publicly available information on the DOC website shows that Plaintiff is a sentenced inmate currently housed at Willard-Cybulski Correctional Institution ("Willard").[2]

The Court summarizes the few facts Plaintiff alleges in his complaint.

On April 19, 2024, Plaintiff enrolled as a student in an advanced manufacturing vocational program at Robinson C.I. *See* R. Julian Letter, ECF No. 1 at 7. Plaintiff alleges that on May 1, 2024, while housed at Robinson C.I., Counselor Conge refused to provide him with a copy of a contract that obligated Plaintiff to work as a Tierman[3] without financial compensation. ECF No. 1 ¶ 1. Plaintiff alleges that "every inmate" across Connecticut DOC whose "job is classified as 'Tierman' is financially compensated." *Id.* ¶ 4. After Plaintiff explained that he wanted to have his attorney read the contract before signing, Counselor Conge said, "Ok." *Id.* ¶ 2. Conge then departed. *Id.*

---

[1] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint that includes only "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

[2] The Court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425 (KAD), 2023 WL 1818545, at *2 n.1 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information). The publicly available DOC website shows that Plaintiff was sentenced on April 19, 2016, to twenty-year term of incarceration. *See* https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=397697 (last visited November 12, 2025); *see also* Change of Address, ECF No. 20 at 1.

[3] A "Tierman," according to Plaintiff's complaint, is someone who performs duties such as "scrub[ing] toilets and empty[ing] garbage." ECF No. 1 ¶ 1.

"Within the hour," Counselor Supervisor Such arrived and "kicked" Plaintiff out of the "privileged" dorm and "relegated" him "down to Dorm 2B." *Id.* ¶ 3. Plaintiff filed an undated administrative grievance explaining that he "would have signed" the contract presented to him if he had known that failure to sign would result in being "moved out of Dorm 10." Admin. Grievance, ECF No. 1 at 8. The grievance was responded to by Counselor Supervisor Such on May 6, 2024. *Id.* Counselor Supervisor Such stated that "[a]ll students start in [dorm] 2B," and that if Plaintiff wanted to "be considered for" dorm 10, he could "fill out the VV application," and return it to Defendant Such. *Id.* Plaintiff claims that shortly after he filed an administrative grievance, the other inmates working as Tiermen in the privileged dorm "began to be financially compensated." ECF No. 1 ¶ 5.

Plaintiff's complaint also refers to a grievance filed in Case No. 3:24-mc-119 (VDO), ECF No. 1-2 at 30–33, which allegedly shows Warden Carbone's "misinformation" that was delivered to District Administrator Washington, and Counselor Supervisor Such's "irrelevant" grievance response. ECF No. 1 ¶¶ 6–8; Admin. Grievance at 8.

In his request for relief, Plaintiff states "[s]ince this problem is a matter of 'privileged' housing, [he] already had [his] request for relief entered under case# 3:24-mc-00119-VDO, [ECF No.] 13, . . . pages 3 & 4 of 6[.]" ECF No. 1 at 5.

## II.  DISCUSSION

Even considering the special solicitude owed to *pro se* litigants, Plaintiff is still required to comply with the Federal Rules of Civil Procedure, including Rule 8. *See Triestman*, 470 F.3d at 474–77 (2d Cir. 2006). Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), and it must provide "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at

555 (alteration and citation omitted). Rule 8 requires a statement for relief to be plain "because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). And, under Federal Rule 8(a)(3), a complaint must include "a demand for the relief sought[.]"

Implicit in the language of Rule 8 is that these requirements must be met *within the complaint itself*, not by references throughout the complaint to extraneous documents filed across multiple other dockets. Neither the Court nor Defendants should be required to search through Plaintiff's documents filed in another case to determine the facts relevant to this case and the relief requested. *See Salahuddin*, 861 F.2d at 42 (noting a complaint should not place "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."). Plaintiff's complaint, in its barebones recitation of facts and references to pleadings included in, among other cases, a closed case before Judge Oliver, does not comply with Rule 8's requirements. Nevertheless, in the interests of justice, the Court will consider whether Plaintiff's procedurally deficient complaint raises any plausible claims.

    A. <u>42 U.S.C. § 1983 Claims</u>

"Section 1983 provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999). "The common elements to all § 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United

States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

        *1. Official Capacity Claims*

While it is unclear whether Plaintiff brings his § 1983 claims for monetary and injunctive relief against Defendants in their official capacities, any such claims against Defendants in their official capacities for monetary relief may not proceed. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (noting that the Eleventh Amendment bars a plaintiff from suing state actors in their official capacities for monetary damages).

While claims for monetary relief against individuals in their official capacities are barred by the Eleventh Amendment, a plaintiff may proceed for injunctive or declaratory relief against a defendant in his or her official capacity only to the extent the plaintiff maintains there is an ongoing constitutional violation. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254-55 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)). Here, Plaintiff may not proceed in this action on a claim for injunctive relief against the DOC employees who work at Robinson C.I. "[A]n inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006), *abrogated on other grounds as recognized by Kravitz v. Purcell*, 87 F.4th 111, 119, 122 (2d Cir. 2023). Thus, because Plaintiff has been transferred to Willard and names only Robinson C.I. employees as Defendants, Plaintiff's claims for injunctive relief must be dismissed.

## 2. *Individual Capacity Claims*

### a. Personal Involvement

In order to proceed on any constitutional claims against Defendants, Plaintiff must allege the personal involvement of each Defendant in the constitutional violation, regardless of any supervisory status. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983); *see also Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (recognizing that "there is no special rule for supervisory liability" with respect to establishing personal involvement).

First, Plaintiff has not established the personal involvement of District Administrator Washington, Warden Carbone, or Counselor Conge in any alleged constitutional violation. Plaintiff's complaint merely states that Defendant Washington "is also a defendant" in some of Plaintiff's other cases but does not allege any specific actions taken by Defendant Washington that would implicate Plaintiff's constitutional rights. ECF No. 1 ¶ 9. Plaintiff alleges that he filed a grievance concerning Warden Carbone's alleged "misinformation," but has not included any detail about the alleged misinformation in his complaint, nor attached the relevant administrative grievance. *Id.* ¶ 6. While Defendant Conge initially denied Plaintiff a copy of the contract he was being asked to sign, Defendant Conge told Plaintiff it was "Ok" that he wanted his lawyer to read the contract before he signed. *Id.* ¶ 1–2; *see also* ECF No. 1 at 8 (Defendant Conge told Plaintiff "not to worry about [the contract]"). Defendant Conge's initial refusal to provide him with a copy of a contract does not bear on the subject of Plaintiff's claim here, "a matter of 'privileged' housing." *Id.* at 5. Accordingly, Plaintiff's individual capacity claims for damages against

Defendants Washington, Carbone, and Conge are dismissed for failure to state a claim under 28 U.S.C. § 1915A(b).

Plaintiff has plausibly alleged the personal involvement of Counselor Supervisor Such. Plaintiff alleges that Defendant Such kicked him out of the privileged dorm and relegated him to Dorm 2B. *See* ECF No. 1 ¶ 3. The Court discerns three possible claims for damages under 42 U.S.C. § 1983 against Defendant Such: (1) a Sixth Amendment claim for an improper limitation of Plaintiff's right to counsel, *see Benjamin v. Fraser*, 264 F.3d 175, 185–88 (2d Cir. 2001) (analyzing a criminal defendant's right to counsel); (2) an Eighth Amendment conditions of confinement claim, *see Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (analyzing a conditions of confinement claim as an alleged Eighth Amendment violation); and (3) a Fourteenth Amendment claim arising from his deprivation of privileged dorm housing without procedural due process, *see Sandin v. Conner*, 515 U.S. 472, 482-87 (1995) (discussing prison condition claims as an alleged Fourteenth Amendment violation).

### b. Sixth Amendment Claim

The Court construes Plaintiff's complaint to allege a Sixth Amendment claim that Plaintiff was not allowed to consult with his attorney before signing the Tierman contract or being removed from Dorm 2b housing.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend VI; *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). Under the Sixth Amendment, a criminal defendant is constitutionally entitled to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). But the Sixth Amendment right to effective assistance of counsel "only applies to a defendant's trial and first appeal as of right, not to appeals afforded on a discretionary

7

basis, collateral proceedings, or civil proceedings such as civil rights claims challenging prison conditions." *Bourdon v. Loughren*, 386 F.3d 88, 96 (2d Cir. 2004) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555-57 (1987)).

Here, Plaintiff's complaint can be construed to allege that Plaintiff was not permitted to consult with an attorney before determining whether to the sign the contract that was presented to him, leading to his transfer to another dorm.  However, Plaintiff has not alleged that anything in the contract implicated a criminal proceeding, trial strategy, or any criminal appeal.  Rather, Plaintiff alleges he simply wanted his lawyer to look over a civil contract pertaining to Tierman work without pay.  As such, Plaintiff has not alleged a cognizable Sixth Amendment claim.

      c. Eighth Amendment Claim

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments[.]" U.S. Const. amend. VIII.  To succeed on an Eighth Amendment claim, a plaintiff "must show (1) a deprivation that is objectively, sufficiently serious . . . and (2) a sufficiently culpable state of mind on the part of the defendant official[.]"  *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (internal quotation marks omitted).

A prisoner's conditions of confinement claim must meet "minimal civilized measures of life's necessities," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citation omitted), and prison officials may not deprive inmates of their "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety."  *Helling v. McKinney,* 509 U.S. 25, 32 (1993) (internal citation omitted).  But "[p]risoners have no right to be housed in comfortable surroundings." *Mercado v. Dep't of Corr.*, No. 3:16-CV-1622 (VLB), 2017 WL 1095023, at *6 (D. Conn. Mar. 23, 2017); *see also Remillard v. Maldonado*, No. 3:15-CV-1714 (SRU), 2016 WL 3093358, at *3 (D. Conn. June 1, 2016) ("The Eighth Amendment does not require the least restrictive housing

for a prisoner."). Here, while Plaintiff has expressed his desire to remain in dorm 10, Plaintiff does not allege any facts to suggest that prison officials deprived him of his "basic human needs" while housed in Dorm 2B. Accordingly, Plaintiff's allegations do not satisfy the first element of the analysis. Even if Plaintiff could establish the first element of the analysis, he cannot satisfy the second element. Plaintiff alleges no facts to reflect that Counselor Supervisor Such (or any other Defendant) was aware of, but disregarded, any risk, let alone a substantial risk, of harm that Plaintiff faced while confined in Dorm 2B. *See Farmer*, 511 U.S. at 844. Accordingly, the Court dismisses any Eighth Amendment claim arising from his transfer to Dorm 2B by Counselor Supervisor Such or any Defendant under 28 U.S.C. § 1915A(b)(1).

### d. Fourteenth Amendment Claim

Because Plaintiff has not alleged any facts supporting a claim that his liberty interest was deprived by his removal from dorm 10, any Fourteenth Amendment claim is also dismissed. The Fourteenth Amendment's Due Process Clause protects persons against deprivations "of life, liberty, or property, without due process of law." U.S Const. amend. XIV. The Court construes Plaintiff's complaint to assert a claim that he was deprived of his privileged housing without procedural due process guaranteed by the Fourteenth Amendment. Analysis of a violation of procedural due process claim involves two steps: first, the court determines "whether there exists a liberty or property interest of which a person has been deprived[.]" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (*per curiam*). A liberty interest may arise under state regulations, but only if the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. at 472; *see also Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996) (noting inmate-plaintiff "must establish both that the confinement or restraint creates an 'atypical and significant hardship' under *Sandin,* and that the state has granted

its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint.").

Plaintiff has not alleged facts to suggest the state has granted its inmates, by regulation or by statute, a protected liberty interest in his being housed in the privileged dorm or in remaining free from confinement in Dorm 2B.  *See McCarthy v. Teta*, 101 F.3d 108 (2d Cir. 1996) ("Prison transfers do not implicate a liberty interest in the absence of state law suggesting otherwise."); *Andrews v. Semple*, No. 3:17-CV-1233 (SRU), 2017 WL 5606740, at *4 (D. Conn. Nov. 21, 2017) (dismissing due process claim that prison officials refused to transfer inmate to prison facility of his choice, Garner Correctional Institution, because "he has no constitutionally protected right to be housed" at Garner or any other facility).  Nor has he alleged facts to support a claim that he suffered a liberty deprivation amounting to an "atypical and significant hardship" as required under *Sandin*.  While "especially harsh conditions endured for a brief interval and somewhat harsh conditions endured for a prolonged interval might both be atypical[,]" Plaintiff has not alleged any facts about the conditions he experienced in Dorm 2B to sustain a Fourteenth Amendment due process claim.  *Sealey v. Giltner*, 197 F.3d 578, 586 (2d Cir. 1999).

Thus, any Fourteenth Amendment due process claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### III. CONCLUSION

For these reasons, Plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

If Plaintiff wishes to attempt to replead any of the claims asserted in his complaint that have been dismissed to attempt to state a viable claim, Plaintiff may file—on or before **December 3, 2025**—an amended complaint that complies with Rule 8.  The amended complaint must assert

all of his factual allegations and claims for relief against the defendants in a single document, thereby reducing the likelihood that a party will overlook any allegations and eliminating the confusing nature of "piecemeal" amended complaints. *Inkel v. Lamont*, No. 3:22-CV-439 (SVN), 2022 WL 3910814, at *1, n.1 (D. Conn. Aug. 31, 2022).  In addition, Plaintiff's amended complaint must allege concise facts in numbered paragraphs to describe how each Defendant violated his rights. *See* Fed. R. Civ. P. 10(b).  An amended complaint, if filed, will completely replace the complaint, and the Court will not consider any allegations made in the original complaint in evaluating any amended complaint.  If Plaintiff fails to timely file an amended complaint, the Court will close this case.

The clerk is instructed to mail Plaintiff this District's approved prisoner *pro se* amended complaint form.

**Changes of Address.**  If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(d)(1) requires that Plaintiff **MUST** notify the Court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated.  Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.

**SO ORDERED** at Hartford, Connecticut, this 12th day of November, 2025.

                                             */s/ Sarala V. Nagala*
                                             SARALA V. NAGALA
                                             UNITED STATES DISTRICT JUDGE