**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JEFFREY HALL, | ) | 3:25-CV-1058 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COUNSELOR SUPERVISOR SUCH et | ) | |
| al., | ) | July 2, 2026 |
| *Defendants*. | | |

### INITIAL REVIEW ORDER REGARDING AMENDED COMPLAINT

*Pro se* plaintiff Jeffrey Hall commenced this civil rights action under 42 U.S.C. § 1983 while housed at Carl Robinson Correctional Institution ("Robinson C.I.") of the Connecticut Department of Correction ("DOC"). In his original complaint, Plaintiff named as defendants DOC District Administrator Washington, Acting Warden Carbone, Counselor Supervisor Such, and Counselor Conge. Compl., ECF No. 1. He alleged that he was transferred out of his privileged dorm housing for refusal to sign a contract related to employment as a "Tierman" without a lawyer's review. *See id.*

On initial review under 28 U.S.C. § 1915A, the Court dismissed Plaintiff's complaint without prejudice to filing an amended complaint to correct the deficiencies of his claims. Initial Review Order, ECF No. 21. Specifically, the Court determined that Plaintiff failed to allege any plausible deprivation of his Sixth Amendment right to effective counsel, Eighth Amendment right to be free of cruel and unusual punishment, or Fourteenth Amendment right to procedural due process. *Id.*

Plaintiff filed a timely amended complaint against only two defendants, Counselor Supervisor Such and Acting Warden Carbone, in their individual capacities for damages. Am. Compl., ECF No. 31.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  The Court has thoroughly reviewed all factual allegations in the amended complaint and conducted an initial review pursuant to 28 U.S.C. § 1915A.[1]  Based on this initial review, the Court orders as follows.

## I.      FACTUAL BACKGROUND

The publicly available information on the DOC website shows that Plaintiff is a sentenced inmate now housed at Cybulski Community Reintegration Center.[2]

The Court summarizes the facts Plaintiff alleges in his amended complaint.

On April 18, 2024, Plaintiff was moved to the Privileged Vocational Village, Dorm #10, in light of his enrollment as a student in an advanced manufacturing and machine course.  Am. Compl. at 4.

---

[1] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint that includes only "'labels and conclusions[,] . . .a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

[2] The Court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425 (KAD), 2023 WL 1818545, at *2 n.1 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information). The publicly available DOC website shows that Plaintiff was sentenced on April 19, 2016, to a twenty-year term of incarceration. *See* https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=397697 (last visited July 2, 2026).

On May 1, 2024, Counselor Conge advised Plaintiff that he had to perform Tierman duties, such as scrubbing toilets and removing garbage. *Id.* Counselor Conge told Plaintiff that he would not be compensated because the work was considered part of his being permitted to reside in the privileged dorm. *Id.* Plaintiff refused, referring to DOC's policy of paying inmates for performing Tierman duties. *Id.* Counselor Conge provided Plaintiff with a form that outlined his cleaning duties and the housing rules. *Id.* He requested Plaintiff to sign the form. *Id.* Plaintiff stated that he would sign the form only after a lawyer's review. *Id.* In response, Counselor Conge stated that Plaintiff would not need to clean anything and would not need a lawyer. *Id.* He assured Plaintiff that he would not suffer repercussions for failing to sign the contract. *Id.* Plaintiff still refused to sign the form. *Id.*

Within an hour, Plaintiff was informed of a direct order from Counselor Supervisor Such for him to pack his belongings and move to Dorm #2B, which generally houses inmates recently released from segregation and a few inmates taking GED classes. *Id.* at 3–5.

On May 6, 2024, Plaintiff submitted an inmate request (CN 9601) to Counselor Supervisor Such. *Id.* at 4. In it, he explained that he would have signed the form if he had been aware that his failure to sign would result in his being "kicked" out of Dorm #10. *Id.* He inquired about when he would be eligible to return to Dorm #10. *Id.*

That same day, Counselor Supervisor Such responded:

The School Building is 2B. <u>All</u> students start in 2B. If you would like to be considered for Building 10, you can fill out the VV application and return to me. If accepted, you have an interview of the dorm expectations. You are allowed to stay in school as well.

*Id.* at 4–5. Plaintiff maintains that he can show that more than 100 inmates have earned placement in Dorm #10 but "never stepped foot in Dorm #2B." *Id.* at 5.

Plaintiff filed a Level 1 grievance that was denied by Acting Warden Carbone for the following stated reason:

> On 05-06-2024, you were placed in a school program . . . Currently, the housing unit for inmates assigned to school programs is Building 2. You are being housed appropriately. Your grievance is denied.

*Id.* District Administrator Washington also denied Plaintiff's Level 2 grievance appeal. *Id.*[3]

## II.    DISCUSSION

Section 1983 "provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999). A § 1983 claim has four essential elements: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; and (4) damages. *Doe v. City of Waterbury*, 453 F. Supp. 2d 537, 542 (D. Conn. 2006), *aff'd sub nom. Roe v. City of Waterbury*, 542 F.3d 31 (2d Cir. 2008).

### A.    Claims Previously Reviewed

Plaintiff claims his rights were violated because he was punished when Counselor Supervisor Such relegated him to Dorm #2B. Am. Compl. at 5. On prior initial review, the Court construed Plaintiff's allegations that Counselor Supervisor Such "kicked him out of the privileged dorm and relegated him to Dorm 2B" to raise "possible claims" for violations of the Sixth Amendment, Eighth Amendment, and a Fourteenth Amendment procedural due process violation. ECF No. 21 at 7. The Court determined, however, that Plaintiff failed to allege facts to support: (1) violation of his Sixth Amendment right to effective assistance of counsel for a criminal trial and first appeal; *id.* at 7–8; (2) violation of his Eighth Amendment protection against cruel and

---

[3] Neither this grievance, nor its initial disposition or disposition on appeal, is included in the record. Plaintiff's initial complaint did include his May 6, 2024, CN 9601 grievance, including Counselor Such's response on May 6, 2024. ECF No. 1 at 8.

usual punishment based on Counselor Supervisor Such's deliberate indifference to any deprivation of a basic human need or serious risk of substantial harm posed by his housing in Dorm 2B; *id.* at 8–9; and (3) deprivation of a plausible liberty interest prior to his transfer to Dorm #2B to support a Fourteenth Amendment procedural due process claim, *id.* at 9–10.

Plaintiff's amended complaint sets forth no new material facts about his transfer from Dorm #10 to Dorm #2B, and in fact no longer includes his May 6, 2024, CN 9601 inmate request form. Thus, the Court need not revisit whether Plaintiff suffered violation of his Sixth, Eighth or Fourteenth Amendment procedural due process rights as a result of his transfer to Dorm #2B. It incorporates herein the analysis of these claims set forth in its prior Initial Review Order, which dismissed these claims under 28 U.S.C. § 1915A. *See* ECF No. 21.

B. Fourteenth Amendment Equal Protection Violation

Plaintiff's amended complaint additionally alleges facts that can be construed to raise concerns that he was treated differently than other inmates in violation of the Fourteenth Amendment Equal Protection Clause. He maintains that not paying inmates in Dorm #10 for work that other inmates throughout DOC—not housed in Dorm #10—are paid to perform is a violation of his rights. ECF No. 31 at 5. In addition, he alleges that he was advised that he had to be housed in Dorm #2B before being selected to reside in Dorm #10, but claims he can demonstrate that more than 100 inmates who earned placement in Dorm #10 "never stepped foot in Dorm #2B." *Id.*

The Fourteenth Amendment's equal protection clause is "a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A successful equal protection claim thus requires a plaintiff to "allege facts showing that the plaintiff was treated differently from similarly situated individuals and that the reason for the different treatment was based on 'impermissible considerations such as race,

religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'"  *Morgan v. Semple*, No. 3:16-CV-225 (VAB), 2020 WL 2198117, at *19 (D. Conn. May 6, 2020) (quoting *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000)).

Absent a suspect classification, a plaintiff may proceed under a "class of one" theory by "alleg[ing] that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Fortress Bible Church v. Feiner*, 694 F.3d 208, 221–22 (2d Cir. 2012) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Plaintiff has not stated any plausible Fourteenth Amendment equal protection violation. First, Plaintiff has not alleged membership in a suspect class for purposes of his equal protection claim because "prisoners in general are not a suspect class."  *Rahim v. Martin*, No. 3:23-CV-298 (MPS), 2023 WL 4745536, at *7 (D. Conn. July 25, 2023) (citing *Graziano v. Pataki*, 689 F.3d 110, 117 (2nd Cir. 2012)).  Plaintiff has not alleged any other facts to suggest he belongs to another protected class.

Second, Plaintiff fails to allege a successful equal protection claim under a "class of one" theory of discrimination.  "In the Second Circuit, a plausible class of one claim requires a plaintiff to 'show an extremely high degree of similarity between themselves and the persons to whom they compare themselves.'"  *Jordan v. Tremblay*, No. 3:23-CV-577 (VAB), 2023 WL 4684831, at *3 (D. Conn. July 21, 2023) (quoting *Clubside v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)).  Here, Plaintiff has not alleged that the people to whom he seeks to compare himself were highly similar to him, such that he can sustain an equal protection class of one claim.  Likewise, Plaintiff has not

alleged facts suggest that the decision to house Plaintiff in Dorm #2B lacked a rational basis. The Court will allow Plaintiff to amend his complaint with respect to this claim, however.

Accordingly, Plaintiff has not alleged facts to support a plausible claim of disparate treatment in violation of the Fourteenth Amendment Equal Protection Clause. Any Fourteenth Amendment equal protection claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

C. Interference with Grievance Procedure

Plaintiff's amended complaint also describes denial of his grievances by Acting Warden Carbone and District Administrator Washington (who is no longer named as a defendant). Plaintiff maintains that that Warden Carbone made "a false report" when he denied Plaintiff's grievance. Am. Compl. at 3. These allegations do not state a plausible claim.

Plaintiff may not proceed on a claim under 42 U.S.C. § 1983 based on a prison official's alleged improper review of an administrative remedy. An inmate does not have a Fourteenth Amendment procedural due process right to have his claim investigated in a manner he deems appropriate or to have any particular outcome of the grievance process because "[p]rison grievance procedures do not confer any substantive right upon an inmate requiring the procedural protections envisioned by the Fourteenth Amendment." *Torres v. Mazzuca,* 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003); *see also Schlosser v. Manuel*, No. 3:19-CV-1444 (SRU), 2020 WL 127700, at *5 (D. Conn. Jan. 10, 2020) ("Inmates have no constitutional entitlement to grievance procedures, to receive a response to a grievance, or to have a grievance processed properly." (collecting cases)). Nor does an inmate have a constitutional right to the proper application of prison grievance procedures. *Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (summary order) (prisoner's "claim that defendants violated his due process rights by restricting his access to the prison's grievance procedures confuses a state-created procedural entitlement with a constitutional

7

right" and that "neither state policies nor state statutes create federally protected due process entitlements to specific state-mandated procedures") (citations omitted); *Fine v. UConn Med.*, No. 3:18-CV-530 (JAM), 2019 WL 236726, at *9 (D. Conn. Jan. 16, 2019) ("a prison official's violation of a prison regulation or policy does not establish that the official has violated the Constitution or is liable to a prisoner under 42 U.S.C. § 1983").

Accordingly, Plaintiff has not alleged a plausible violation of his rights under section 1983 arising from Acting Warden Carbone's allegedly improper treatment of his grievance review.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is DISMISSED. 28 U.S.C. § 1915A(b)(1).

The Court will afford Plaintiff one final opportunity to amend his complaint, to attempt to state a plausible Fourteenth Amendment equal protection violation.  No other dismissed claims shall be included in the second amended complaint.  Any second amended complaint must be filed by **July 23, 2026.**  A second amended complaint, if filed, will completely replace the complaint, and the Court will not consider any allegations made in the original or amended complaint in evaluating any second amended complaint. If Plaintiff fails to timely file a second amended complaint, the Court will close this case.

**SO ORDERED** at Hartford, Connecticut, this 2nd day of July, 2026.

 /s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE

8